## SUPREME COURT.

THE PEOPLE *ex rel.* JOHN KEENHOLTS, executor, &c. agt. ALBERT D. ROBINSON, Albany county judge, TITUS RUSHMORE, JAMES B. WANDS and JOHN I. GROOSBECK, referees.

Where the *general term,* on a common law certiorari, reversed a decision of a county judge and referees upon the question of laying out a private road, without any directions as to *costs,* and a judgment was entered *with costs* against the county judge and referees and the appellant who brought the appeal to the county judge, from the decision of the commissioners of highways,

*Held,* that the judgment was *irregular and unauthorized*—there should have been a *special application to the court* for the award of costs. Such application should properly have been made at the *general term ;* although the *special term* has unquestionably authority to hear such a motion.

The special term on motion, having corrected the judgment of the general term by allowing costs against the appellant who brought the appeal from the commissioners of highways and whose lands were taken for the road, and disallowed costs as against the county judge and referees;

*Held,* on appeal from the order of the special term that the general term would not review the decision of the special term, as the question was one resting in the discretion of the judge holding special term.

*Albany General Term, March,* 1859.

HARRIS, GOULD and HOGEBOOM, *Justices.*

ON the 16th day of December, 1854, the relator's testatrix made application for a private road across the lands of Jew I. Jewett, to the commissioners of highways of the town of Guilderland, pursuant to Session Laws of 1853, chap. 174, p. 308, and thereupon the commissioners took the steps required by that statute to obtain a jury to determine as to the necessity of the private road applied for, and to assess the damages of Jewett. On the 8th day of January, 1855, a jury, selected, summoned and sworn, as required by that act, reviewed the premises, heard the allegations of the parties and such witnesses as they produced, (the application being opposed by Jewett,) and determined that the private road as applied for, was necessary, and they assessed the damages of Jewett at the sum of $180. On the 16th day of January, 1855, the commissioners laid out and made a record of the road, as applied for. On the 23d day of January, 1855, Jewett appealed from the determination of the commissioners in laying out said private road, to Hon. A. D. ROBINSON, Albany county judge, and prayed the appointment of referees to hear and determine his appeal. On the 23d day of March, 1855, the county judge appointed three of the defendants' referees to hear and determine Jewett's appeal, and on the 24th day of April, 1855, the referees having heard the parties, reversed the order of the commissioners. On the 8th day of November, 1855, the relator's testatrix, Mrs. Keenholts, sued out from this court a common law certiorari directed to the county judge and referees, who made, in obedience to the writ, a return of their proceedings. On the 8th day of May, 1857, J. H. Clute, Esq., appeared in the proceedings as attorney for Jewett, and the county judge and referees. On the 12th day of September, 1857, the cause was argued before the general term of this district and submitted. On the 19th day of December, 1857, the proceedings of the county judge and referees were reversed

People *ex rel.* Keenholts agt. Robinson.

by the judgment of the general term, but without any award of costs, and an order was entered in accordance therewith, but also awarding costs to the relator. On the 23d day of December, 1857, judgment of reversal was entered in this cause, and judgment for costs entered in favor of relator against county judge and referees and Jewett, for $68.43.

J. H. Clute, Esq., appeared before the clerk and objected to the taxation of costs, for the reasons set forth in his affidavit, upon which he moves to set aside the taxation, viz : that Jewett was not liable to costs, not being a patty, and that the county judge and referees ought not to be subjected to costs, having acted judicially and in good faith, and that costs were not recoverable upon a common law certiorari, but he did not object upon the ground that no costs were awarded by the general term. His objections were overruled and the costs were taxed at $68.53. He then moved before Mr. Justice GOULD, at the February special term, 1858, on behalf of the county judge and referees, to set aside the entry of judgment as to costs—which motion was granted as to the county judge and referees, but denied as to Jewett. Jewett now appeals from this order to the general term.

L. TREMAIN, *attorney-general, for Jewett.*
IRA SHAFER, *for the relator.*

By the court, HOGEBOOM, Justice. The judgment in this case was irregular and unauthorized. The general term had not awarded costs, and it was irregular to insert them in the record without a special application to the court. That application should also have more properly been made to the general term. That was the tribunal that disposed of the case and had the right to dispose of the costs. In ordinary cases their omission to do so would be equivalent to a refusal to give costs. But there

would be no objection perhaps to bringing the matter by motion to the notice of the court, as the omission might have been inadvertent. Still, in cases of this description, I am not prepared to say that the court at special term is without jurisdiction. It is the supreme court, just as much as the general term. Ordinarily it is the appropriate forum for hearing special motions. And even in cases disposed of at general term, although it has been held more seemly to address the general term, it has been held to be not improper to move at special term. (*Corning* agt. *Powers*, 9 *How. Pr. R.*, 54.)

In the particular class of cases now under considera- . tion, if they fall within section 318 of the Code, the award of costs, as in cases against executors or administrators, may perhaps be regarded as more appropriately the subject of a special application to the court, after the litigation is otherwise closed, than of a mere incident to the decision of general term. I am not therefore prepared to deny jurisdiction in the premises to the supreme court. The motion at the special term, so far as I am able to judge by the papers handed up, from a notice without date, and an affidavit without verification, was on behalf of the county judge and referees alone, (not including Jewett,) " for a rule or order setting aside the entry of judgment for costs and disbursements, and the adjustment of costs and disbursements on said certiorari." The attorney of the adverse party, on an affidavit apparently used on that motion, swears " that it was understood between deponent and said Clute, (defendants' attorney,) at the time of said taxation, and previous thereto, that this question, viz : whether the relator was entitled to costs, and if so, against whom should be submitted to this court by his making this motion." I think the judge at special term acted upon the assumption that such was the fact ; and this being so, and there being no want of jurisdiction, I think he was fairly enough in possession of the case to

People *ex rel.* Keenholts agt. Robinson.

make the proper order; and the remaining questions are whether his order was a proper one, and whether the same is appealable.

I discover no difficulty in the question of *power* to award costs against Jewett. He was in every practical sense a *party* to the proceeding. He was the man over whose lands the private road was applied to be laid out. He litigated the question before the jury who passed upon the necessity of the road. He appealed from the decision of the commissioners laying out the road. He procured the determination of the county court and referees reversing the action of the commissioners. He probably had no notice (notice not being usually given) of the application for the common law certiorari. He appeared not only in fact but in name by attorney, in the proceedings subsequently. He litigated the matter on the return to the certiorari, and he was defeated. He was, in my opinion, not only a party to the proceeding in every practical sense, but the only proper party against whom, if against any body, costs should be awarded. And perhaps it was a proper case for costs. He had litigated the matter from beginning to end, and he was unsuccessful. He was apparently defeated finally on the question of jurisdiction, having appealed from the action of the commissioners in a case not warranted by law. The question may have been somewhat new and possibly doubtful. There were considerations in favor of both views of the question, and I do not feel disposed for myself to interfere with the judicial discretion exercised by Mr. Justice GOULD, at special term, in the award of the costs. I am not sure that his action, independent of the question of power, is reviewable, and I think it better not to give too much encouragement to appeals, bringing in review simply matters of fact and of discretion. The insertion of the costs in the judgment originally was, it is true, unauthorized, but the order of the

special term, afterwards, allowing it to stand, cured the error, and was equivalent to an original authority.

After the decisions of *Haviland* agt. *White*, (7 *How., Pr. R.*, 157,) and *The People* agt. *Flake and others*, (14 *id.*, 528,) it seems to me we should treat section 318 of the Code as embracing cases of this description, and if so, that section contemplates that costs shall be awarded against somebody. I have some doubt whether a *judgment* is the proper climax to a litigation in a special proceeding, and should have been inclined to think that an *order* reversing the action of the referees would have been the more appropriate mode of terminating the proceedings. As that question was not apparently discussed before or decided by the special term, I scarcely think we ought to reverse the order for that reason, and I do not see any substantial objection to allowing the party to enforce the collection of the costs by judgment and execution. I regard the order therefore as substantially right, and think it should be affirmed, but without costs.